194-07/WLJ
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
LIBRA SHIPPING SERVICES LLC
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax

William L. Juska (WJ 0772)
Pamela L. Schultz (PS 0335)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
LIBRA SHIPPING SERVICES LLC,                    07 CV 3396 (RBM)

Plaintiff,

**VERIFIED COMPLAINT**

-against-

MIDWAY OIL HOLDINGS, LTD.

Defendant.
-----------------------------------------------------------------x

Plaintiff LIBRA SHIPPING SERVICES LLC ("LIBRA SHIPPING"), by and through its attorneys Freehill Hogan & Mahar, LLP, as and for its Verified Complaint against Defendant MIDWAY OIL HOLDINGS, LTD. ("MIDWAY"), alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The case also falls within this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333, *et seq.* and/or the Arbitration Act, 9 U.S.C. §1 *et seq.* and /or §201 *et seq.* and this Court's federal question jurisdiction pursuant to 28 U.S.C. §1331.

2. At all times relevant hereto, Plaintiff LIBRA SHIPPING was and still is a business entity organized and existing under the laws of the United Arab Emirates, with an

NYDOCS1/282064.1                          1

office in care of Adani Global FZE located at Standard Chartered Bank Bldg., 4th Floor, Al Mankool Road, Bur Dubai, Dubai, UAE.

3. At all times relevant hereto, Defendant MIDWAY was and still is a business entity organized under the laws of a foreign country with an address at Spitalgasse 17A, A1090 Vienna, Austria.

4. On or about January 15, 2007, Plaintiff LIBRA SHIPPING as owner, and Defendant MIDWAY, as charterer, entered into a maritime contract of charter party for the M/V WS PROVIDER ("the Charter Party") for the loading of fuel oil from Khor Al Zubair, Iraq for carriage to Fujairah, United Arab Emirates. A true and correct copy of the fixture recap confirming the charter party is attached as Exhibit A.

5. Unless otherwise noted in the Charter Party, all of the terms and conditions of the March 28, 2006 between LIBRA SHIPPING as charterer and Warm Seas Development & Trading Co. LLC as owner ("the Head Charter") were incorporated in the Charter Party.

6. On January 20, 2007, the WS PROVIDER arrived at the loadport of Koha Al Zubair, Iraq to load the cargo, pursuant to MIDWAY's instructions.

7. Although LIBRA SHIPPING was in communication with MIDWAY concerning the cargo, and MIDWAY represented a cargo would be provided, it eventually became clear to LIBRA SHIPPING that no cargo has been nominated for shipment onboard the WS PROVIDER.

8. LIBRA SHIPPING's position that no cargo had been nominated for shipment was confirmed by MIDWAY's agent, The Kanoo Group, who on January 28, 2007 terminated its agency agreement with MIDWAY on the basis that there was no cargo nomination for the WS PROVIDER.

9. Thereafter, on January 29, 2007, MIDWAY cancelled the Charter Party and agreed to pay LIBRA SHIPPING to sail the vessel to Fujairah, the port of re-delivery called for in the Charter Party.

10. The vessel arrived at Fujairah on February 2, 2007, but no substitute employment for the vessel could be found until February 20, 2007.

11. In connection with MIDWAY's chartering of the WS PROVIDER, on or about February 23, 2007, LIBRA SHIPPING submitted an invoice in the amount of $434,137.93 for the amounts due and owing under the Charter Party. A true and correct copy of the invoice is attached as Exhibit B.

12. Despite due demand, MIDWAY, in breach of the Charter Party with LIBRA SHIPPING, has refused or has otherwise failed to pay the amounts due and demanded by LIBRA SHIPPING.

13. Plaintiff LIBRA SHIPPING has fulfilled all obligations required of it under the Charter Party, except that LIBRA SHIPPING did not advance $5,000 for port expenses at the load port, as provided in then charter party, because no cargo was nominated for the vessel to load and MIDWAY's agent at the load port terminated its representation of MIDWAY.

14. The Charter Party provides that it is to be governed by English law and all disputes between the parties are to be resolved by arbitration in London.

15. This action is brought to obtain jurisdiction over the Defendant MIDWAY and to obtain security in favor of Plaintiff LIBRA SHIPPING in respect to its claims against MIDWAY and in aid of London arbitration proceedings.

16. This action is further brought to obtain security for any additional sums to cover Plaintiff LIBRA SHIPPING's anticipated costs in the arbitration and interest, all of which are recoverable under English law and the rules as applicable to London Arbitration.

17. Upon information and belief, and after investigation, Defendant MIDWAY cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant MIDWAY at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein.

18. As nearly as presently can be computed, the total amount sought by Plaintiff LIBRA SHIPPING to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims against Defendant MIDWAY include:

|      | Description | Amount USD |
|------|-------------|------------|
| i.   | Unpaid amounts due and outstanding under the Charter Party: | $434,137.93 |
| ii.  | Interest on the above amount at the rate of 7.5%, compounded quarterly, for two years, the estimated time it will take to obtain a final arbitration award: | $75,961.33 |
| iii. | Estimated costs and disbursements in connection with the arbitration which are recoverable in London arbitrations and under English law: | $240,250.00 |
|      | **TOTAL SOUGHT TO BE ATTACHED:** | **$750,349.26** |

for a total claim of **$750,349.26**.

WHEREFORE, Plaintiff LIBRA SHIPPING prays:

A.   That process in due form of law according to the practice of this Court may issue against Defendant MIDWAY, citing it to appear and answer the foregoing, failing which a default will be taken against it for the principal amount of the claim of plus interest, costs and attorney fees;

B.   That if Defendant MIDWAY cannot be found within the District pursuant to Supplemental Rule B, that all tangible and intangible property of Defendant, up to and including the claim of **$750,349.26** be restrained and attached, including but not limited to any cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, debts, freights, sub-freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due or for the benefit of Defendant (collectively "ASSETS"), including but not limited to such "ASSETS" as may be held, received or transferred in its own name or as may be held, received or transferred for its benefit at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein served;

C.   That this Court retain jurisdiction over this matter for purposes of any subsequent enforcement action as may be necessary; and

    D.    That Plaintiff have such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
April 30, 2007

                      FREEHILL HOGAN & MAHAR, LLP
                      Attorneys for Plaintiff
                      LIBRA SHIPPING SERVICES LLC

By: _____
       William L. Juska, (WJ 0772)
       Pamela L. Schultz (PS 0335)
       80 Pine Street
       New York, NY 10005
       Tel: 212-425-1900
       Fax: 212-425-1901

## ATTORNEY VERIFICATION

State of New York    )
                               ) ss.:
County of New York )

WILLIAM L. JUSKA, being duly sworn, deposes and says as follows:

1. I am an attorney with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action. I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications from our clients and documents provided by our clients regarding the claim.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
William L. Juska

Sworn to before me this
30 day of April, 2007

_____
Notary Public

CLARE HENRY
Notary Public, State of New York
No. 01HE4831498
Qualified in Kings County
Certificate in New York County
Commission Expires October 31, 2009

NYDOCS1/282064.1                          7

# EXHIBIT A

| | |
|---|---|
| From: | brokers [brokers@cti-shipbroker.com] |
| Sent: | 16 January 2007 11:45 |
| To: | Yogesh Kale |
| Cc: | brokers |
| Subject: | WS PROVIDER / MIDWAY - TCP DD 15 JAN 2007[Scanned] |

| | |
|---|---|
| Follow Up Flag: | Follow up |
| Flag Status: | Flagged |

TO : LIBRA                          ATTN : MR. YOGESH

GOOD DAY,

REF: WS PROVIDER / MIDWAY OIL HOLDINGS - T/C DD 15/JAN/2007

WE ARE PLEASED TO CONFIRM FOLLOWING FIXTURE FOR ACCT MIDWAY OIL HOLDINGS WITH ALL SUBS LIFTED AND T/C DD 15 JAN 2007

CHRTRS :    Midway Oil Holdings, Ltd.

VESSEL :MT 'WS PROVIDER' BUILT 1982

MI FLAG CLASS DNV - CAP 2 + CAS + DOUBLE SIDES

14,960 MTDW ON 7.558M SSW

LOA 163.39M BEAM 23.43M

13,563 CBM AT 98%

FULLY COILED

3 X 700 TWPH PUMPS

L3C FUELOIL

SPEED AND VARIOUS CONSUMPTIONS, WARRANTED BY OWNERS, ON A PER DAY BASIS

STEAMING SPEED, BALLAST...ABOUT .12.5 KNOTS, 17 MT IFO380 AT BUEFORT SCALE 4

SPEED, LADEN. ABOUT 12 KNOTS, 17MT, IFO380, AT BUEFORT SCALE 4

PLUS 2.0 MT GASOIL. + 2 MT FOR BOILER IFO 380

CARGO HEATING

TO MAINTAIN TEMPERATURES ........5 MT IFO 380

TO INCREASE TEMPERATURES.........8 MT IFO 380

CARGO DISCHARGE

5 MT/GAS OIL WITH 2 PUMPS PER 24 HRS

IN PORT,

2.0 MT GAS OIL PLUS 2 MT IFO 380 FOR BOILER

CONTRACT :TIME CHARTER

LAYCAN :16TH-18TH JAN 2007 (0001-2359 HRS) TO BE NARROWED DOWN TO 2 DAYS SPREAD BY CHARTERERS WITHIN 24 HOURS OF CLEAN FIXTURE.

1

PERIOD : 12 MONTHS +/- 30 DAYS IN CHOPT OPTION DECLARABLE 5 DAYS BEFORE EXPIRY OF RUNNING TCP

DELIVERY : AFSPS ATDNSHINC FUJAIRAH .DELIVERY NOTICE TO BE GIVEN 3/2/1 DAYS .

REDELIVERY : DLOSP 1 SP FUJAIRAH ATDNSHINC . DEFINITE REDELIVERY NOTICE TO BE GIVEN 7/5/3/2/1 DAYS.

TRADING : Trading area safe ports, anchorages, berths AG/Red Sea/Far East /Indian Ocean/East Africa including Iran and Iraq within IWL and via ports/places with no sanctions from the U.N. It is agreed that trading includes the whole of the Indian Coast.

CARGO : Dirty petroleum products excluding LSWR, CONDENSATES AND casingheads. All cargoes compatible with vessel's coating and manufacturers specifications and lines/pumps/gaskets/coatings/heating coils and in accordance with vessel's class and technical restrictions/specifications. No heating is required, if required the vessel will maintain cargo loaded temperature as per her Q88 or in chopt. CPP unleaded/undarker than 2.5 npa. excluding solvents and casing heads. 1-2 grades wvns.
If required Vessel to maintain loaded temperature upto 135 deg F.Max loaded temp 165 deg F.

HIRE : 20,000 PDPR INCLUDING BUNKERS PAYABLE BY OWNERS . CHARTERERS TO PAY 12 DAYS HIRE PRIOR VESSEL SAILING FROM FUJAIRAH. IF THE VESSEL IS NOT LOADED PRIOR THE 12TH DAY THE CHARTERERS TO PAY ANOTHER 12 DAYS HIRE IN ADVANCE.

CABLE/VICTUALLING/ENTERTAINMENT INCLUDING RADIO - EMAIL - TELEPHONE - FAX - TELEPHONE - EXPENSES IE USD 2,000 PMPR BUT EXCLUDING ALCOHOL AND CIGARETTES

COMMISSION : 1.25 PCT ADDCOMM TO ISC +1.25 PCT TO OPTIMA SHIPBROKERS GREECE + 1.25 PCT TO CTI

OTHER TERMS

1.) OPA/COFR ANY RELATED COST TO BE FOR CHRTRS A/C ON PER CALL BASIS TO BE REIMBURSED AGAINST SUPPORTING DOCS. ANNUAL OPA/COFR COSTS TO BE FOR OWNERS ACCOUNT.

2.) ALL TAX (ES)/DUES ON CARGO AND/OR CHARTER HIRE AND/OR FREIGHT ARISING OUT OF CARGOES CARRIED OR PORTS VISITED UNDER THIS CHARTER PARTY TO BE FOR CHARTERERS' ACCOUNT.

3.) GENERAL AVERAGE IF ANY TO BE TO BE SETTLED IN LONDON AS PER YORK/ANTWERP RULES 2006 AND ANY SUBSEQUENT AMENDMENTS THEREAFTER TO APPLY

4.) during charter period vsl able to lift about 9500-10000 metric tons of fuel oil provided sufficient draft and under keel clearance available at load/ discharge port.

5.) BIMCO ISPS CLAUSE TO BE INCORPORATED.

6.) ANY ADDITIONAL WAR RISK PERIMUM FOR TRADING IN TRADING AREAs (AS PER ABOVE)
TO BE ON CHARTERERS ACCOUNTS AT ACTUALS

7.) OWNERS TO PAY USD 5,000 PORT EXPENSES AT LOADPORT. THESE EXPENSES WILL BE REINBURSED BY CHRTRS TO OWNERS TOGETHER WITH THE SECOND HIRE.

8.) ALL OTHER TERMS ARE BACK TO BACK AS PER MT W.S.PROVIDER TCP DATED 28.03.06 BETWEEN WARM SEAS AND LIBRAS SHIPPING LLC EXCEPT FOLLOWING LOGICAL AMMENDMENTS:

Shell Time 4
================
Add Owner's style per Addendum in Line 1

2

Cl. 1, Line 7: OK
Cl. 1, Line 7: OK
Cl. 1, Line 8: As per main terms.
Cl. 1, Lines 13-17:   OK
Cl. 1, Lines 18-19:    OK
Cl. 1, Line 22:  OK

Cl. 2, Line 25:  OK
Cl. 2, Line 32:  OK

Cl. 3, Line 60:  OK adding "any time" but delete "while" prior to insert of "if" before "the vessel".  Delete "for a period of more than 30 running days" and insert "for a period of more than 5 running days".

Cl. 4, Line 65: ammend to read as per main terms
Cl. 4, Between Lines 67/68:  ammend to read as per main terms. Cl. 4, Line 68:  OK Cl. 4, Lines 69,70,71,72 Deletion:  OK Cl. 4, Line 74:  OK Cl. 4, Line 75:  OK.
Cl. 4, Lines 82-83, ammend to read as per main terms.
Cl. 4, Line 84:  OK
Cl. 4, Lines 85-86: ammend to read as per main terms.

Cl. 5: OK

Cl. 6: OK

Cl. 7: Delete "for all fuel (except fuel used for domestic services)," as Charterer is not paying for bunkers.  Delete any reference throughout CP that may state that Charterer is responsible for paying for fuel or bunkers. Also delete reference to Charterers' paying brokerage commissions as commissions payable by Owner.

Cl. 8, Line 105:  Add hire rate per main terms.  Add commissions per main
terms.
Cl. 8, delete On-Hire and Off-Hire Survey language as not applicable as Owner paying bunkers.

Cl. 9, Line 107: Add 'Bank Details of BOB (Libra A/C) : CORRESPONDENT BANK: JP MORGAN CHASE BANK, NEW YORK
                    SWIFT: CHASUS33
BENEFICIARY BANK:    ACCOUNT NO 544701139
                    BANK OF BARODA , DUBAI BRANCH
BENEFICIARY A/C:    LIBRA SHIPPING SEVICES ( L.L.C. )
                    US DOLLAR ACCOUNT NO. 123928-091

Cl. 9, Line 109:   ammend to read as per main terms

Cl. 10, Lines 129-132:  OK

Cl. 11, Lines 133:  OK

Cl. 12, Line 136:  OK
Cl. 12, Line 140:  OK

Cl. 13:            OK

Cl. 14:            OK

Cl. 15:            Delete entire clause as not applicable.

Cl. 16:            OK

Cl. 17, Line 180:  OK
Cl. 17, Line 181:  OK
Cl. 17, Line 182:  OK

Cl. 18, Line 184:  OK

Cl. 19, Line 188:  OK
Cl. 19, Line 191:  Delete
Cl. 19, Line 194:  OK

3

Cl. 20, OK3306 delete from "and owners shall reimburse" through end of line 204.

Cl. 21, Line 215: OK
Cl. 21, Line 254: OK
Cl. 21, Line 256: OK
Cl. 21, Line 256: OK

Cl. 22, Line 257: OK
Cl. 22, Lines 258-291 (deletion): OK

Cl. 23, Line 299: OK

Cl. 24: OK except delete Lines 333-336

Cl. 25: OK

Cl. 26: OK

Cl. 27: OK

Cl. 28, Line 387: OK

Cl. 29: Delete entire clause.

Cl. 30 (deletion): OK

Cl. 31 (deletion): OK

Cl. 32, Line 407: OK

Cl. 33, Line 410: OK

Cl. 34: OK

Cl. 35, Line 423: OK
Cl. 35, Line 445: OK

Cl. 36: OK

Cl. 37, Line 462: OK

Cl. 38: OK

Cl. 39: OK

Cl. 40: OK

Cl. 41: OK

Cl. 42: OK

Cl. 1   Dry Docking : OK

Cl. 2   On/Off Hire bunker survey: Delete

Cl. 3   Pumping Clause: OK

Cl. 4.  Ballasting/Deballasting Clause: OK

Cl. 5   ITOPF: OK

Cl. 6   General Compliance Clause: OK

Cl. 7   Traffic Separation and Routing: OK

Cl. 8   Air Pollution Clause: OK except in 4th last line, "Charters" should be
replaced with "Owners"

4

Cl. 9    Ship to Ship Transfer Clause: OK

Cl. 10   Sea Terminal Clause: OK

Cl. 11   Cast Iron Clause: OK

Cl. 12   Vessel Management Clause: OK

Cl. 13   P&I Club Clause: OK

Cl. 14   Return Insurance Clause: OK

Cl. 15   Off-Hire Clause (Deleted): OK

Cl. 16   Private and Confidential: OK

Cl. 17   Alpine Bunker Sampling Clause: OK

Cl. 18   Financial Responsibility in Respect of Pollutioin Clause: OK

Cl. 19   Paramount Clause:  OK

Cl. 20   Notices: OK (to be as per the main terms).

Cl. 21   Comission: 1.25% brokerage commission to ISC Washington DC + 1.25% to Optima Shipbrokers Greece + 1.25% to CTI shipbrokers New Delhi, to be paid directly by owners.

Cl. 22   Cargo Retention clause:  OK

Cl. 23   Heating: OK

Cl. 24   ISM Clause: OK

Cl. 25   Freshwater Clause: OK

Cl. 26   Pollution and Safety Control Representative (PSCR): OK

Cl. 27   Detailed Description and Performance: OK

Cl. 28   Hire: ammensd to read as per main terms

Cl. 29   Drug and Alcohol:  OK

Cl. 30   Transit Loss Clause (New Clause): OK

Cl. 31   Bills of Lading / LOI Clause (New Clause): Lois as per owners P&I club standard wording only.
Delete 5th line from bottom starting with "notwithstanding" to end

Cl. 32   Oil Pollution Prevention:  Amend Clause C to replace "Charterers" with "Owners".

Cl. 33   Alpine Gas Inert Clause (Deleted): OK

Owner's Additional Clauses to apply:

Cl. I   : OK

Cl. II  : OK

Cl. III: OK

Cl. IV  : OK

Cl. V   : OK

Cl. VI  : OK

Cl. VII: Small Claims Clause: OK

5

Cl. VIII    Following Documents apply :
BIMCO Standard ISPS Clause for Time Charter Parties to apply : OK  BIMCO Bunker Fuel Sulphur Content Clause for Time Charter Parties  2005 to apply: Delete

Cl. IX     Shifting: OK

Cl. X      Blending: OK


END

TRUST ALL ABOVE IN ORDER WHICH PLS CONFIRM IN WRITTING.
THANK U VERY MUCH FOR YOUR KIND SUPPORT AND CO-OPERATION.


WITH BEST REAGRDS
CAPT. VIKAS LAROIA
FOR CTI SHIPBROKERS PVT (I) LTD
TEL : 91 11 41506150
FAX : 91 11 41506160
MOB : 91 9871292282

6

# EXHIBIT B

# LIBRA SHIPPING SERVICES L.L.C.

P.O.BOX 27184, DUBAI, U.A.E
Tel.: +9714-3555484  Fax : +9714-3597801
Email : libraship@libraship.com



TO :
MIDWAY OIL HOLDINGS

Date        23/02/2007
Our ref    WS Provider / Voy 23

## FINAL HIRE INVOICE
MT, WS PROVIDER CP DATED 15-01-2007

| | | | | |
|---|---|---|---|---|
| Goods : | FUEL OIL | HIRE PER DAY | $20,000.00 | |
| PORT OF DELY | FUJAIRAH | | | |
| HIRE FROM | | 17/01/2007 21:00 | | |
| HIRE UPTO | | 20/02/2007 00:01 | | |
| DAYS | | 33.1257 DAYS | | |
| NET HIRE | | | | $ 662,513.89 |
| | | | | |
| C/E/V | | | $ 2,000.00 | $ 2,208.38 |
| ADDITIONAL WAR RISK PREMIUM | | | | $ 5,142.86 |
| OVER STAY AT FUJAIRAH (2 DAYS) | | | | $ 2,724.80 |
| AGENCY FEE / PORT CLEARANCE ETC. | | | | $ 1,500.00 |
| | | | | |
| LESS: | | | | |
| 1ST HIRE RECEIVED ON 17-01-2007. | | | | $ (239,952.00) |
| | | NET DUE TO OWNERS | | $ 434,137.93 |

TOTAL : UNITED STATES DOLLARS SIX HUNDRED SEVENTY FOUR THOUSAND EIGHTY NINE AND CENTS NINTY THREE ONLY.

PLEASE REMIT TO OWNERS NOMINATED BANKING DETAILS ASF:-
CORRESPONDING BANK : JP MORGAN CHASE BANK, NEW YORK
SWIFT CODE : CHASUS33
ACCOUNT NO. : 544701139
BENEFICIARY BANK : BANK OF BARODA, DUBAI BRANCH.
BENEFICIARY A/C : LIBRA SHIPPING SERVICES LLC
US DOLLAR A/C NO. : 900 - 1020000 4847

REFERENCE: WS PROVIDER CP DTD 15.01.2007 - FINAL HIRE

E&O.E.

